UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GETHO THELUSMOND                                16-cv-3323 (CBA)(RLM)

              Plaintiff,                **AMENDED COMPLAINT**

   -against-                                **JURY DEMAND**

CITY OF NEW YORK, DETECTIVE PAUL
DIEUGENIA and DETECTIVE ALEKSANDR
PASYNKOV,

              Defendants.
-------------------------------------------------x

Plaintiff, by his attorneys, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, Detective Paul Dieugenia and Detective Aleksandr Pasynkov, upon information and belief alleges as follows:

## INTRODUCTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985]. The claims arose from an incident which occurred on November 11, 2015. During the incident, the City of New York and members of the New York City Police department ("NYPD") subjected plaintiff to, among other things, false arrest and imprisonment, unlawful search and seizure, assault and battery, fabricated evidence, conspiracy, abuse of process and harassment.

2. Plaintiff seeks compensatory and punitive damages, declaratory relief, and an award of costs and attorney's fees for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the

interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, a black male of full age, is a resident of Brooklyn, County of Kings and State of New York.

7. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the police officers sued as "John Does # 1-2" through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York. Defendant City of New York was responsible for the hiring, retention, training, supervision and discipline of subordinate officers, including the named defendants herein.

8. Upon information and belief, and at all times herein, Detective Paul Dieugenia and

Detective Aleksandr Pasynkov were employed as police officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The defendant Police Officers were the servants, agents, and employees of their co-defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

9. Plaintiff is suing the defendant officers in their individual and official capacities.

### STATEMENT OF FACTS

10. On November 11, 2015, at approximately 8:00 p.m. at the corner of East 51st Street and Church Avenue, Brooklyn, New York, defendant officers committed the following illegal acts against plaintiff.

11. Plaintiff was driving his car on East 51st Street when he was pulled over by two White police officers, without probable cause or reasonable suspicion that plaintiff had committed a crime.

12. Upon stopping plaintiff's car, the officers demanded his license and the registration papers for the vehicle. Plaintiff complied by providing them with both documents.

13. Defendant officers ran a check on plaintiff's license and found no problem against plaintiff.

14. When plaintiff asked the officers why they had stopped him, they claimed that his headlights were not working properly.

15. Plaintiff told them that he could see his headlights on and there was nothing wrong with the headlights. Also, plaintiff told them that he was just coming back from work and had done nothing wrong to justify being stopped.

16. Upon verbally disputing that the officers had any justification to pull him over, the officers ordered plaintiff out of his vehicle. And they told him that they will find some reason to hold him.

17. After plaintiff exited his vehicle as ordered by the officers, they searched plaintiff's body without his consent, and without either a warrant, probable cause or reasonable suspicion that he had committed a crime.

18. After they found nothing illegal on plaintiff's person, the officers proceeded to search plaintiff's vehicle without his consent, and without either a warrant or probable cause.

19. Upon searching plaintiff's vehicle, the officers found a knife therein and seized it. Plaintiff told them that it was his work knife which he uses to cut boxes at his cleaning job with the New York City Board of Education.

20. Defendant officers arrested plaintiff. When plaintiff asked them why they were treating him like a criminal, they told him that he was in a bad neighborhood with high crime rate. Plaintiff replied that he had nothing to do with the high crime rate in the neighborhood.

21. Plaintiff was subjected to excessively tight handcuffs. Thereafter, he was transported in a police vehicle to the 67th Precinct. One of the officers drove plaintiff's vehicle to the Precinct.

22. At the Precinct, plaintiff was fingerprinted, photographed and thrown into a holding cell.

23. After being detained in a holding cell for many hours, plaintiff was issued a Desk Appearance Ticket (DAT) by defendants and thereafter released.

24. The defendants falsely represented to the Kings County District Attorney's Office that plaintiff had committed a crime.

25. Based on the false information provided to the District Attorney's Office by defendants, plaintiff was charged with criminal possession of a weapon. Plaintiff was informed by his criminal attorney that the defendant officers had claimed that they found a gravity knife on plaintiff.

26. Plaintiff attended court numerous times until February 2, 2016 when the matter was dismissed pursuant to CPL Section 170.55.

27. As a result of his arrest, plaintiff was automatically suspended from his job with the New York City Board of Education pending the determination of the charges.

28. Before and at the time plaintiff was unlawfully searched and arrested by the police, he had not been engaging in any suspicious or unlawful conduct. Therefore, his arrest without a warrant was unjustified, in that it was made without reasonable suspicion or probable cause.

29. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for the violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

30. The actions taken against plaintiff by the defendant Officers herein were also propelled by a policy and practice of the City of New York which promotes and/or condones the racial profiling of motorists and which causes officers to arrest individuals, particularly blacks,

without probable cause, and to subject such individuals to false criminal charges and to assault and battery. The said policy and practice falls disproportionately on persons of color.

32. These policies and practices violate the rights of the Plaintiff under federal law including the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

32. The policies and practices complained of herein also violate the rights of Plaintiff under the Constitution and laws of the City and State of New York.

33. The actions and conduct of the Officers and the policies and practices of the City of New York were negligent and the proximate cause of damages to the Plaintiff.

34. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

35. At all times material hereto, each defendant acted intentionally, willfully and/or with reckless indifference for the rights of the plaintiff. Each defendant knew or should have known that the arrest and detention of the plaintiff violated clearly established constitutional law.

36. As a result of the acts and omissions of the defendants described in this Complaint, plaintiff suffered a significant loss of his liberty and violation of his federal constitutional rights, significant economic loss, and suffered physical injuries to his wrists, and significant emotional pain, distress, mental anguish, humiliation and embarrassment.

37. The Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION:
## 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

38. Plaintiff reiterates paragraphs 1 through 37 and incorporates such by reference herein.

39. By their conduct and under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest imprisonment, unlawful search and seizure.

40. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AND AS FOR A SECOND CAUSE OF ACTION: ASSAULT AND BATTERY

41. Plaintiff reiterates paragraphs 1 through 40 and incorporates such by reference herein.

42. The conduct of defendant officers, as described herein, amounted to assault and battery on the plaintiff. The assault and battery was willful, unlawful, unwarranted, and intentional.

43. By reason of the assault, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, and damage to reputation.

## AND AS FOR A THIRD CAUSE OF ACTION

44. Plaintiff reiterates paragraphs 1 through 43 and incorporates such by reference herein.

45. By arresting, detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, and assaulting him, the Defendant Officers, deprived plaintiff of rights, remedies, privileges and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York State Constitution.

46. In addition, the defendant officers conspired among themselves to deprive plaintiff of

his constitutional rights secured by Article 1, Section 12 of the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

47. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York State Constitution.

48. Defendants, their officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the defendant officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

**AND AS FOR AN FOURTH CAUSE OF ACTION**

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

50. Plaintiff reiterates paragraphs 1 through 49 and incorporates such by reference herein.

51. The foregoing violations of plaintiff's federal constitutional rights and resultant injuries were directly, foreseeably and proximately caused by conduct, chargeable to defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including Plaintiff, who are investigated, arrested, or prosecuted for alleged criminal activities.

52. Defendant City of New York failed to provide proper training and/or failed to insure

that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The very limited circumstances under which a warrantless search may be carried out.

    (d)    The duty to respect the rights of citizens to ask questions when they are being subjected to intrusive action by the police.

53. Defendant City of New York maintained unwritten customs and practices which permitted or condoned a quota-driven racial profiling of black motorists that subjects citizens to disparately harsh law enforcement practices and scrutiny on account of their race. These customs and practices are demonstrated by the failure of City Defendant to properly investigate numerous complaints from citizens alleging such police misconduct and by their failure to take adequate remedial action where misconduct has occurred.

54. The existence of the aforesaid unconstitutional policies, practices, customs and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

55. As a result of inadequate training of police officers about the unconstitutionality of racial profiling, officers frequently stop, search and arrest black motorists for driving "while black" and without probable cause or reasonable suspicion that they had committed a crime.

56. The aforesaid policies, procedures, practices and/or customs of Defendant City and

its police department, the NYPD, were collectively and individually a substantial factor in bringing about the aforesaid violations by the individual police defendants of plaintiff's rights under the Constitution and laws of the United States.

57. By virtue of the foregoing, Defendant City of New York is liable for having substantially caused the foregoing violations of Plaintiff's constitutional rights and his constitutional injuries.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
November 15, 2016

                                                LAW OFFICE OF PHILIP AKAKWAM, P.C.

                                                By:           /s/
                                                          Philip Akakwam, Esq.
                                                          Attorneys for the Plaintiff
                                                          303 Livingston St., 2nd Floor
                                                          Brooklyn, N.Y. 11217
                                                          (718) 858-2488

16-cv-3323 (CBA)(RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

GETHO THELUSMOND

                Plaintiff

  -against-

CITY OF NEW YORK, DETECTIVE PAUL
DIEUGENIA and DETECTIVE ALEKSANDR
PASYNKOV,

                Defendants.

---

## AMENDED COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____